IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZELMA BLACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-797-GMS |
| ) | |
| GARY A. BRYDE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

### I. INTRODUCTION

Defendant Prudential Group Life Insurance Company of America ("Prudential") filed a petition to remove this case from the Chancery Court of the State of Delaware ("Chancery Court") on October 23, 2009. (D.I. 1.) The plaintiff, Zelma Blackson ("Blackson"), filed a motion for remand. (D.I. 4.) For the reasons discussed below, the court will deny Blackson's motion for remand.

### II. BACKGROUND

On October 1, 2009, Blackson filed a complaint in the Chancery Court against multiple defendants, alleging that Prudential paid the proceeds from her ex-husband's non-contributory life insurance policy ("Policy") to the wrong beneficiaries. (D.I. 1, Ex. A at ¶¶ 32-36.) Blackson contends that she was the sole, irrevocable beneficiary of the policy pursuant to a qualified domestic relations order ("QDRO") issued by the Family Court. (D.I. 1, Ex. A at ¶¶ 22-28.) On October 23, 2009, Prudential filed a notice of removal pursuant to 28 U.S.C. § 1331, alleging that Blackson's claims are preempted by the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, *et seq.*, and are therefore subject to federal question jurisdiction. (D.I. 1 at ¶ 6.) Blackson filed her motion for remand on November 23, 2009, arguing that the case should be heard in Chancery Court because the complaint, which asserts causes of action for breach of contract, negligence and unjust enrichment, does not contain a cause of action arising under federal law. (D.I. 4 at ¶ 6.)

## III. STANDARD OF REVIEW

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a), which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 251 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). Courts strictly construe the removal statute, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 2d 1214 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002).

In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and

assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010. The existence of a federal defense does not create statutory "arising under" jurisdiction, and the defendant cannot remove a case "unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). An exception to this well-pleaded complaint rule occurs "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). State common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are pre-empted by the Act. 29 U.S.C. § 1144(a); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). Therefore, they are removable to federal court. *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004).

## IV. DISCUSSION

Blackson contends that because the complaint contains only state law causes of action, the well-pleaded complaint rule should apply and remand should be granted. Prudential responds that the Policy at issue constitutes a plan under ERISA. Blackson, who did not file a reply brief, does not dispute Prudential's allegation that the Policy is an ERISA plan.

ERISA applies to "any employee benefit plan if it is established or maintained – (1) by any employer engaged in commerce or in any industry or activity affecting commerce . . ." 29 U.S.C. § 1003(a). ERISA defines an "employee benefit plan" as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit

3

plan and an employee pension benefit plan." 29 U.S.C. § 1002(2)(B)(3). An "employee welfare benefit plan" is defined as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . ."

29 U.S.C. § 1002(1). "Whether a plan exists within the meaning of ERISA is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." *Deibler v. United Food and Commercial Workers' Local Union 23*, 973 F.2d 206, 209 (3d Cir. 1992) (quoting *Wickman v. Nw. Nat'l Ins. Co.*, 908 F.2d 1077, 1082 (1st Cir. 1990)) (internal citations omitted). "[T]he crucial factor in determining whether a 'plan' has been established is whether the employer has expressed an intention to provide benefits on a regular and long-term basis." *Id.* An ERISA plan exists if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.*

The Policy in the instant case qualifies as an employee welfare benefit plan under ERISA. Prudential cites Policy provisions which meet each of the four requirements to qualify as an ERISA plan, and Blackson fails to refute Prudential's contention that the Policy is governed by ERISA. (D.I. 6 at ¶ 12.) Blackson's state law claims are therefore preempted by ERISA and subject to federal jurisdiction.

## V. CONCLUSION

For the reasons stated above, Blackson's motion for remand is denied. An appropriate order shall issue.

Dated: September 28, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZELMA BLACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-797-GMS |
| ) | |
| GARY A. BRYDE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The plaintiff's motion for remand (D.I. 4) is DENIED.

Dated: September ___, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE